UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06-CV-396-H

LONNIE SWAFFORD, *et al.*

PLAINTIFFS

V.

ROBERT JAMES NICHOLSON, SECRETARY,                    DEFENDANT
DEPARTMENT OF VETERANS AFFAIRS

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, visually impaired individuals who previously performed work for the United

States Department of Veteran Affairs ("VA"),[1] originally brought this action claiming that the

VA terminated their employment based on their disability, in violation of Section 504 the

Rehabilitation Act, 29 U.S.C. § 794.  They subsequently amended their complaint to state a

cause of action under Section 508 of the Rehabilitation Act.  Defendants now move to dismiss all

claims for money damages, arguing that the federal government enjoys sovereign immunity from

such claims and that the Rehabilitation Act does not waive that immunity.

In 1996, the United States Supreme Court unequivocally held that § 504 of the

Rehabilitation Act does not waive "the Federal Government's immunity against monetary

damages awards beyond the narrow category of § 504(a) violations committed by federal

funding agencies acting as such - that is, by Federal providers."  *Lane v. Pena*, 518 U.S. 187, 193

(1996).  Based on that holding, the Supreme Court dismissed all claims for monetary damages

---

[1] There is some debate about whether Plaintiffs were actual employees of the VA.  In his motion to dismiss,
Defendant indicates that Plaintiffs are not such employees and alludes to the fact that this precludes their claims.
However, Defendant does not sufficiently address this argument or show a lack of factual dispute.  Moreover,
Defendant's original motion to dismiss was based solely on the issue of sovereign immunity, not the issue of
employment status.  Therefore, the Court has not considered the employment issues for purposes of deciding the
pending motion.

against the Department of Transportation. Plaintiffs appear to agree that the same result is required here for their § 504 claims. (Pl.'s Resp. Br. 3.) They cite no distinction between Defendant's position as an executive agency and the position of the Department of Transportation as an executive agency in *Lane*. Because *Lane* is still good law, it controls the outcome in this case. Plaintiffs' claims for monetary damages under § 504 must be dismissed.

That leaves only the claims under § 508. Plaintiffs argue that the Supreme Court has not specifically ruled that sovereign immunity was retained under § 508 and that, in fact, sovereign immunity was waived. The Court disagrees. The remedy provision for violations of § 508 is the same remedy provision for violations of § 504, namely § 505(a)(2) of the Rehabilitation Act, codified at 29 U.S.C. § 794a(a)(2). In *Lane*, the Supreme Court explicitly found that "§ 505(a)(2) does not, without more, establish that Congress has waived the Federal Government's immunity against monetary damages awards beyond the narrow category of . . . violations committed by federal funding agencies acting as such - that is, by 'Federal providers.'" *Lane*, 518 U.S. at 193. Plaintiff has not alleged that Defendant is such a "federal provider." Because the same remedy provision at issue here was at issue in *Lane*, the Court finds *Lane's* analysis controlling[2]. Sovereign immunity applies and Plaintiffs' claims for monetary damages must be dismissed.

Being otherwise sufficiently advised,

_____

[2] In *Lane*, the Supreme Court specifically noted the difference in language between the remedy provision and the general prohibition of discriminatory actions contained in § 504. § 504 applies to "any Executive agency," 29 U.S.C. § 794(a), while the remedy of monetary damages is only available to individuals "aggrieved by any act or failure to act by any *recipient of Federal assistance or Federal provider of such assistance*," 29 U.S.C. § 794a(a)(2) (emphasis added). The Court observed that the remedy provision "makes no mention whatsoever of programs or activities conducted by any Executive agency, the plainly more far-reaching language Congress employed in § 504(a) itself." *Lane*, 518 U.S. at 192-93 (quotations omitted). The same difference is present in § 508, which requires action by "each Federal department or agency." 29 U.S.C. § 794d(a)(1)(A). Thus, the same reasoning applicable to § 504 claims in *Lane* is applicable to § 508 claims here.

IT IS HEREBY ORDERED that Defendant's Motion for Partial Dismissal is SUSTAINED and all Plaintiffs' claims for monetary relief are DISMISSED WITH PREJUDICE.

The Court will set a conference to determine what steps are necessary to conclude this litigation.

cc: Counsel of Record